IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHEDRICK ADREKIS NEAL,

    Plaintiff,

v.                                                            Case No. 4:17-cv-341-WS-GRJ

STATE OF FLORIDA,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Pending before this Court are ECF No. 1, Plaintiff's *pro se* complaint, and ECF No. 2, Plaintiff's motion for leave to proceed as a pauper. Plaintiff's IFP motion is incomplete and will be stricken. Further, Plaintiff failed to file the Complaint on the proper court-approved form for *pro se* litigants. Although the Court normally allows *pro se* plaintiffs to amend to correct deficiencies in their filings, there is no reason to do so in this instance because Plaintiff is attempting to challenge a pending state court criminal case. Instead, for the reasons discussed below, the Court respectfully recommends that this case should be dismissed.

Plaintiff purports to assert a claim against the State of Florida relating to a pending Leon County felony criminal case that was filed in

2015. Plaintiff alleges that he has been jailed for nonappearance, and currently is released on conditions including wearing an electronic tracking device. Plaintiff's complaint also includes irrelevant and frivolous references to the Uniform Commercial Code, and he refers to himself as a "legal entity created . . . . as a commercial conduit[.]" Plaintiff seeks an order from this Court dismissing the pending state case. ECF No. 1.

Under *Younger v. Harris*, 401 U.S. 37, 41-45 (1971), the Court is barred from hearing this claim regarding Plaintiff's pending state court case. *Younger* describes "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances" and notes that "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions". *Younger*, 401 U.S. at 41. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Id.* at 43. Because Plaintiff has not shown that any exception to the *Younger* abstention doctrine is present in this case,[1] the

---

[1] One such exception that may allow for interference by a federal court in a state court proceeding is if there is a showing of irreparable injury. *Younger*, 401 U.S. at 46. Notably, however, "in view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is 'both great and immediate.'" *Id.* (quoting *Fenner v. Boykin*, 271 U.S. 240, 243 (1926)). Plaintiff has

Court has no authority to grant the relief that Plaintiff requests.

In light of the foregoing, it is **ORDERED** that:

Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **STRICKEN** as deficient.

It is respectfully **RECOMMENDED** that:

Plaintiff's complaint, ECF No. 1, should be **DISMISSED without prejudice** and the Clerk should be directed to close the file.

**IN CHAMBERS** this 9th day of August 2017.

                              *s/Gary R. Jones*
                              GARY R. JONES
                              United States Magistrate Judge

---

failed to allege that he would suffer any irreparable injury if the Court does not intervene in his pending state court case.